# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Ashley Y. Jackson,** | Case No. 1:18cv2362 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | **Magistrate Judge Kathleen Burke** |
| **Andrew Saul,** **Commissioner of Social Security** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

This matter is before the Court on the Objections of Plaintiff Ashley Y. Jackson ("Plaintiff" or "Jackson") to the Report and Recommendation of Magistrate Judge Kathleen Burke regarding Plaintiff's request for judicial review of Defendant Commissioner of the Social Security Administration's ("Defendant" or "Commissioner") denial of her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (Doc. No. 18.) For the reasons that follow, Plaintiff's Objections are overruled, the Report & Recommendation ("R&R") is accepted, and the Commissioner's decision is affirmed.

## I.   Background

In January 2016, Jackson filed her application for SSI, alleging a disability onset date of March 1, 2008. (Doc. No. 11 (Transcript ["Tr."] ) at 22. ) The application was denied initially and upon reconsideration, and Jackson requested a hearing before an administrative law judge ("ALJ"). (*Id.*) On January 24, 2018, the ALJ conducted a hearing at which Jackson was represented by counsel and testified. (*Id.*) A vocational expert ("VE") also testified. (*Id.*) On March 29, 2018, the ALJ found Jackson was not disabled. (Tr. 22-30.) The Appeals Council declined to review the ALJ's

decision, and the ALJ's decision became the Commissioner's final decision. Jackson seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. No. 1.)

The case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1) for a Report and Recommendation ("R&R"). The R & R concludes that the ALJ's decision is supported by substantial evidence and recommends that the decision be affirmed. (Doc. No. 18.) Jackson filed Objections to the R & R, to which the Commissioner responded. (Doc. Nos. 19, 20.)

Jackson raises the following three objections to the R & R: (1) the Magistrate Judge failed to address the totality of consultative examiner Dr. Leisgang's findings in evaluating Jackson's psychological impairments at Step Three; (2) the Magistrate Judge erred in her evaluation of the opinions submitted by Dr. Lawrence and counselor Stephanie Jordan; and (3) the Magistrate Judge erred in finding that the ALJ met his burden at Step Five with respect to the opinions of state agency psychologists Dr. Schartzman and Dr. Voyten. (Doc. No. 19.) The Court has conducted a *de novo* review of the issues raised in Jackson's Objections.

## II.     Analysis

### A.     Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926 at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, 2015 WL 5316216 at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell,* 1994 WL 532926 at *1). *See also* Fed. R. Civ. P.

72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Under the Social Security Act, a disability renders the claimant unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment that can result in death or that can last at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). Consideration of disability claims follows a five-step review process.[1] 20 C.F.R. § 404.1520.

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 Fed. Appx. 516, 521 (6th

---

[1] Under this five step review, the claimant must first demonstrate that she is not currently engaged in "substantial gainful activity" at the time of the disability application. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Second, the claimant must show that she suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education or work experience. *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d). Before considering step four, the ALJ must determine the claimant's residual functional capacity; i.e., the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from his/her impairments. 20 C.F.R. § 404.1520(e) and 416.930(e). At the fourth step, if the claimant's impairment or combination of impairments does not prevent her from doing her past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c), and 416.920(g). *See Abbot*, 905 F.2d at 923.

3

Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Moreover, the Commissioner's decision must be affirmed even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

**B.     Plaintiff's Objections to the R&R[2]**

    **1.     Step Three**

Jackson first argues that "both the ALJ and the Magistrate Judge did not address the totality of Dr. Leisgang's findings" in determining that Jackson did not meet or equal the requirements of a Listing at Step Three of the sequential evaluation process. (Doc. No. 19 at pp. 1-2.) Specifically, Jackson argues the Magistrate Judge erred in concluding that substantial evidence supported the ALJ's finding that she had only moderate (as opposed to "marked") limitations in the four psychological areas of functioning relevant to Listings 12.04, 12.06, 12.08, and 12.11. (*Id.*) Jackson maintains that, in reaching this conclusion, the ALJ failed to address the fact that consultative examiner Nicole Leisgang, Psy.D., found that Plaintiff (1) did not have strong short-term memory

---

[2] The Magistrate Judge's thorough recitation of the medical and opinion evidence need not be repeated and is incorporated herein.

4

skills, (2) struggled to calculate serial sevens, (3) required additional explanations to perform tasks, and (4) was easily distractible. (*Id*.)

At the third step in the disability evaluation process, a claimant will be found disabled if her impairment meets or equals one of the Listing of Impairments. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Turner v. Comm'r of Soc. Sec*., 381 Fed. Appx. 488, 491 (6th Cir. 2010). The Listing of Impairments, located at Appendix 1 to Subpart P of the regulations, describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a). Essentially, a claimant who meets the requirements of a Listed Impairment, as well as the durational requirement, will be deemed conclusively disabled and entitled to benefits. Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3). It is the claimant's burden to bring forth evidence to establish his impairments meet or are medically equivalent to a listed impairment. *See e.g. Lett v. Colvin*, 2015 WL 853425 at * 15 (N.D. Ohio Feb. 26, 2015). A claimant must satisfy all of the criteria to "meet" the listing. *Rabbers v. Comm'r of Soc. Sec*., 582 F.3d 647, 652 (6th Cir. 2009). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). A claimant is also disabled if her impairment is the medical equivalent of a listing, 20 C.F.R. §§ 404.1525(c)(5), 416.925(c)(5), which means it is "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a).

Where the record raises a "substantial question" as to whether a claimant could qualify as disabled under a listing, an ALJ must compare the medical evidence with the requirements for listed

5

impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment. *See Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 414-15 (6th Cir. 2011); *Brauninger v. Comm'r of Soc. Sec.*, 2019 WL 2246791 at * 5 (6th Cir. Feb. 25, 2019). In order to conduct a meaningful review, the ALJ must make sufficiently clear the reasons for his decision. *Id*. at 416-17.

Here, the ALJ determined, at step two, that Jackson suffered from the following severe impairments: (1) bipolar disorder with depression; (2) anxiety disorder with panic; (3) personality disorder; and (4) neurodevelopmental disorder with low average intelligence. (Tr. 24.) The ALJ then proceeded at step three to find that Jackson did not meet or equal the requirements of Listings 12.04, 12.06, 12.08, and 12.11.[3] (Tr. 24-26.) As both Magistrate Judge and the ALJ correctly noted, in order to satisfy the "Paragraph B" criteria of these Listings, Jackson must exhibit "marked" functional limitations in two or more of the following categories: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.00A(2)(b); *Bowman*, 683 Fed. Appx. at 372; *Vecchio v. Comm'r of Soc. Sec.*, 2017 WL 2644129 at * 7 (N.D. Ohio April 28, 2017). To establish a "marked" limitation in any of these areas, the claimant's ability to function independently, appropriately, and effectively in that area must be "seriously limited." 20 C.F.R. Pt.

---

[3] Listing 12.04 is for depressive, bipolar and related disorders; Listing 12.06 is for anxiety and obsessive-compulsive disorders; Listing 12.08 is for personality and impulse-control disorders; and Listing 12.11 is for neurodevelopmental disorders. Listings 12.04 and 12.06 contain the following criteria: (i) "Paragraph A" criteria, impairment-related symptoms, (ii) "Paragraph B" criteria, impairment-related limitations, and (iii) "Paragraph C" criteria, additional functional criteria. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.00A(2), 12.04, 12.06. A claimant can meet the requirements of these Listings only if she satisfies either: (1) the criteria of both Paragraphs A and B; or (2) the criteria of both Paragraphs A and C. *See Bowman v. Comm'r of Soc. Sec.*, 683 Fed. Appx. 367, 372 (6th Cir. 2017). Listings 12.08 and Listing 12.11 contain only two criteria, i.e. Paragraphs A and B criteria. A claimant can meet the requirements of these Listings if she satisfies the criteria of both Paragraphs A and B. Here, the only question before the Court is whether the ALJ erred in finding that Jackson's impairments do not meet the "Paragraph B" criteria.

404, Subpt. P, App. 1, § 12.00F(2)(d). *See also Foster v. Bowen*, 853 F.2d 483, 491 (6th Cir. 1988*);*

*Harvard v. Comm'r of Soc. Sec.,* 2015 WL 506976 at * 14 (N.D. Ohio Feb. 6, 2015).

Here, the ALJ concluded that Jackson did not satisfy the "Paragraph B" criteria of these Listings, explaining (in relevant part)[4] as follows:

> In understanding, remembering, or applying information, the claimant has a moderate limitation. The claimant's school records indicate that she received special education services and had an IEP. Nevertheless, Nicole Leisgang, Psy.D., who performed the consultative psychological examination on March 23, 2016, indicated that the claimant's school records as well as her phraseology, grammatical structure and vocabulary suggest that she has low average intelligence. However, Dr. Leisgang also noted that the claimant has poorly developed verbal reasoning abilities and as such, Dr. Leisgang diagnosed the claimant with a neurodevelopmental disorder. Dr. Leisgang also noted that the claimant's short-term memory skills were not strong during the evaluation but noted that the claimant reported that she does not have difficulty following simple instructions in the care of her home, person or children (Exhibits BIF. B2F, B6F, pp. 7, 8). The claimant's treating psychiatrist at the Center, Lisa Lawrence, M.D. completed a questionnaire dated March 15, 2016 and she noted that the claimant has average intelligence and fair memory (Exhibit B5F, p. 8).
>
> \*\*\*
>
> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. In the questionnaire that Dr. Lawrence completed, she noted that the claimant's ability to sustain concentration, persist at tasks and complete them is fair. She stated that the claimant has better attention if tasks are broken down (Exhibit BSF, pp. 8-9). At the consultative exam performed by Dr. Leisgang, the claimant was able to repeat four digits forward and three digits backward. She performed serial sevens with multiple errors. However, she was able to perform serial three's correctly although slowly. She required additional explanation to perform both tasks. Dr. Leisgang noted that the claimant had no difficulty following the conversation or answering direct questions. The claimant reported that she has no difficulty completing tasks at her home (Exhibit B6F, pp. 7, 8).

(Tr. 25-26.)

---

[4] The Court construes Jackson's objection with respect to this issue as challenging only those aspects of the ALJ's step three determination relating to categories of understanding, remembering, or applying information; and concentration, persistence, or pace. (Doc. No. 19 at pp. 1-2.) Any objection to the remaining categories (i.e., interacting with others, and adapting or managing oneself) is not sufficiently raised and, therefore, deemed waived.

7

The Court finds that the ALJ did not fail to address the totality of Dr. Leisgang's findings in determining that Jackson had only "moderate" limitations in the areas of understanding, remembering, and applying information; and concentration, persistence, and pace. First, the ALJ did not, in fact, fail to address Dr. Leisgang's findings that Jackson had deficiencies in her short-term memory skills, had difficulty with serial sevens, and required additional explanations to complete tasks. Indeed, the ALJ expressly noted these very findings in his step three analysis, above. However, the ALJ determined that, despite these problems, Jackson (1) was able to follow simple instructions in the care of her home, person, and children; (2) had no difficulty following the conversation or answering direct questions; and (3) had no difficulty completing tasks at home. (Tr. 25-26.) In addition, the ALJ relied on the fact that Jackson's treating psychiatrist, Dr. Lawrence, found that she had average intelligence and fair memory. (*Id.*)

Lastly, although the ALJ did not expressly use the words "easy distractibility" in the decision, it is clear that he considered this concern in light of his overall discussion of the category of concentration, persistence, and pace. As set forth above, the ALJ expressly acknowledged Dr. Lawrence's finding that Jackson would have better attention if tasks are broken down, as well as Dr. Leisgang's finding that she required additional explanation to perform tasks. (Tr. 26.) The ALJ thus considered these findings but concluded that Jackson had only a moderate limitation in the area of concentration, persistence, and pace in light of several factors, including (1) Dr. Lawrence's opinion that Jackson's ability to sustain concentration, persist at tasks and complete them was fair; (2) Dr. Leisgang finding that she was able to repeat four digits forward and three digits backward; and (3) Dr. Leisgang's finding that Jackson had no difficulty following the conversation or answering direct questions. (*Id.*)

In light of the above, the Court rejects Jackson's argument that the ALJ failed to address the totality of Dr. Leisgang's findings in determining that she had only "moderate" limitations in the areas of understanding, remembering, and applying information; and concentration, persistence, and pace. The Court further finds that substantial evidence supports the ALJ's determinations with respect to both of these areas of psychological functioning. Accordingly, Jackson's argument that the ALJ erred at Step Three of the sequential evaluation is rejected.

### 2. Opinions of Dr. Lawrence and Ms. Jordan

In her second objection, Jackson argues that the ALJ erred when he adopted the finding of counselor Stephanie Jordan that Jackson had poor stress tolerance "but failed to consider this fact in his RFC." (Doc. No. 19 at p 2.) Jackson further asserts that "both the ALJ and the Magistrate Judge erred in selectively choosing which statements of Dr. Lawrence to adopt and which to ignore." (*Id*.) Specifically, Jackson maintains that, although the ALJ accorded "great weight" to Dr. Lawrence's March 15, 2016 opinion, he failed to fully consider Dr. Lawrence's opinion that Jackson "kept to herself and did not like to deal with people or crowds and adapting to work pressures was difficult and could exacerbate her paranoia and would increase her anger and likelihood of violence or destruction of property." (*Id*.) Lastly, Jackson asserts, summarily, that remand is required because the ALJ "failed to consider any of the treatment notes which described a person with more limitations than described in" Dr. Lawrence's opinion. (*Id*.)

Jackson's arguments are without merit.  With regard to Ms. Jordan, the Court finds that the ALJ did, in fact, reflect Ms. Jordan's opinion regarding Jackson's poor stress tolerance[5] in the RFC. Specifically, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity (20 CFR 416.945) to perform a full range of work at all exertional levels but with the following nonexertional limitations: **the claimant can perform simple, routine tasks in a low stress environment (no fast pace, strict quotas or frequent duty changes)**, involving superficial interpersonal interactions with coworkers and supervisors (no arbitration, negotiation or confrontation), and no interaction with the general public as a job requirement (20 CFR 416.969a).

(Tr. 26-27) (emphasis added).  Jackson does not explain how the RFC's limitation to "simple, routine tasks in a low stress environment" is insufficient to address Dr. Jordan's opinion regarding "poor stress tolerance."   In the absence of any meaningful argument to the contrary, the Court finds that the ALJ sufficiently considered Jackson's "poor stress tolerance" by including this limitation in the RFC.

With regard to Dr. Lawrence, the record reflects that Lisa Lawrence, M.D., was Jackson's treating psychiatrist.[6]  (Tr. 28.)  On March 15, 2016, Dr. Lawrence completed a Questionnaire regarding Jackson's mental status and functioning. (Tr. 348-350.)  Therein, she found that Jackson had an irritable mood with a history of anger spells, paranoia, and "seeing spirits." (Tr. 348.)  Dr. Lawrence opined that Jackson had average intelligence, fair memory, and fair concentration. (*Id*.) She concluded Jackson would have an easier time understanding directions and maintaining attention

---

[5] Ms. Jordan completed a "Daily Activities Questionnaire" on February 16, 2016, in which she opined (among other things) that Jackson's "poor stress tolerance" might prevent work activities for a usual work day or workweek.  (Tr. 339.) The ALJ noted Ms. Jordan's opinion with respect to Jackson's stress tolerance and found that it was "consistent with the evidence."  (Tr. 29.)

[6] The record reflects Dr. Lawrence examined Jackson on at least six (6) occasions between November 2014 and her March 2016 opinion.  (Tr. 836-837, 839-840, 844, 305-314, 364, 342, 344.)  Dr. Lawrence thereafter examined Jackson on at least four occasions, in May, June, and August 2016 and June 2017.  (Tr. 862, 864, 868, 828-832.)

if tasks were broken down into small steps. (Tr. 349.) Dr. Lawrence further found that Jackson kept to herself and "doesn't like to deal with people or crowds." (*Id*.) She also opined that work pressures would increase Jackson's anger and "likelihood of violence or destruction of property." (*Id*.) Finally, Dr. Lawrence concluded that adapting to changes would be "moderately difficult" for Jackson and could exacerbate her paranoia. (*Id*.) The ALJ accorded Dr. Lawrence's opinion "great weight," explaining as follows:

> Great weight is also given to the questionnaire completed by the claimant's treating psychiatrist, Dr. Lawrence. She noted that the claimant has average intelligence, fair memory, fair concentration, and would have moderate difficulty adapting to change, which is consistent with the overall evidence (Exhibit B5F, pp. 8-9.)

(Tr. 28.)

The Court rejects Jackson's argument that the ALJ failed to include limitations in the RFC that reflected Dr. Lawrence's opinions regarding Jackson's difficulty with social interactions and adapting to work pressures. As noted above, the RFC expressly limits Jackson to superficial interactions with coworkers and supervisors, and "no interaction" with the general public. (Tr. 26-27.) It also limits Jackson to simple, routine tasks in a low stress environment. (*Id*.) Jackson fails to explain how these limitations fail to adequately address Dr. Lawrence's opinions that Jackson "does not like to deal with people or crowds" and would have difficulty adapting to work pressures. In light of the limitations assessed in the RFC, and Jackson's failure to meaningfully explain how they are deficient, the Court finds that the ALJ sufficiently considered and reflected Dr. Lawrence's opinions in the RFC.

Finally, Jackson argues that the ALJ accorded great weight to Dr. Lawrence's opinion "but failed to consider any of the treatment notes which described a person with more limitations than described in the March 15, 2016 questionnaire." (Doc. No. 19 at p. 2.) In her Objection, Jackson

11

does not identify any specific treatment notes that she believes are inconsistent with Dr. Lawrence's opinion nor does she explain how any such treatment notes are inconsistent with the RFC. This, in and of itself, is fatal to Jackson's objection. Moreover, to the extent Jackson is arguing that Dr. Lawrence's March 15, 2016 opinion is inconsistent with Dr. Lawrence's own treatment notes, the Court agrees with the Magistrate Judge that this argument is without merit. As the Magistrate Judge explained in the R&R, the ALJ did not ignore Jackson's symptoms (*see* Tr. 27-28) and properly credited the opinion of Dr. Lawrence, who personally examined Jackson on at least six occasions, took Jackson's symptoms into account, and provided an opinion about Jackson's ability to perform work activities. (Tr. 28.) Jackson's argument that the ALJ erred in his evaluation of Dr. Lawrence's opinion is without merit and rejected.

    **3.**    **Opinions of State Agency Psychologists Drs. Schwartzman and Voyten**

In her third and final objection, Jackson argues that the Magistrate Judge erred in finding that the ALJ met his burden at Step Five. Specifically, Jackson asserts that remand is required because the ALJ failed to include in the RFC the opinion of state agency psychologists Drs. Schwartzman and Voyten that Jackson could interact with coworkers and supervisors "*briefly and occasionally* in situations that do not require more than superficial contact or resolving conflicts." (Doc. No. 19 at p. 3) *See also* Tr. 89, 103. Jackson argues that this error is not harmless because the vocational expert testified that a limitation to brief and occasional contact with co-workers and supervisors would impact a claimant's ability to be trained for unskilled work. (Tr. 58.)

12

The Court finds this argument to be waived. A review of Jackson's Brief on the Merits (Doc. No. 13) reveals that she did not raise this particular issue in that Brief.[7] Thus, the Commissioner was not aware of this argument and did not address it in his response Brief. (Doc. No. 16.) Jackson raised this argument for the first time in her Reply Brief. (Doc. No. 17 at p. 1, 3.) She devoted no more than two sentences to this argument and cited no legal authority in support thereof. (*Id.*) The Magistrate Judge apparently regarded this issue as waived and did not address it in the R&R. (Doc. No. 18.)

The Court finds that, by failing to properly raise this argument in her Brief on the Merits, Jackson waived this issue. *See Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir. 2008) (issues raised for first time in reply brief are waived); *Hamilton v. Astrue,* 2010 WL 1032646 at *6 (N.D. Ohio Mar.17, 2010) ("A reply brief is a plaintiff's opportunity to respond to arguments raised for the first time in the defendant's brief. A plaintiff cannot wait until the reply brief to make new arguments, thus effectively depriving the opposing party of the opportunity to expose the weaknesses of plaintiff's arguments.") *See also Hauck v. Comm'r of Soc. Sec*, 2018 WL 1557248 at * 4 (S.D. Ohio March 30, 2018) ("The Court cannot address an issue on review that was not adequately raised for the Magistrate Judge's consideration in her R&R."); *Crump v. Comm'r of Soc. Sec*., 2014 WL 861221 at * 4 (N.D. Ohio March 3, 2014) (declining to consider arguments that were not properly raised before the Magistrate Judge).

---

[7] Rather, in her Brief on the Merits, Jackson argued that the ALJ erred when he accorded great weight to the state agency psychologists' opinions but failed to incorporate in the RFC their specific opinions that Jackson should work where supervisors "offer positive feedback when merited and constructive criticism when necessary." (Doc. No. 13 at p. 20.) The Commissioner addressed this issue in his response Brief (Doc. No. 16 at p. 12) and the Magistrate Judge considered and rejected this argument in the R&R (Doc. No. 18 at p. 22.) Jackson has not objected to the Magistrate Judge's finding with regard to this specific argument.

Jackson's argument that the ALJ erred in failing to include a limitation to "brief and occasional" contact with coworkers and supervisors is deemed waived and, therefore, the Court will not address it herein.

### III.     Conclusion

For all of the foregoing reasons, Jackson's Objections (Doc. No. 19) are overruled.  The Court accepts the Magistrate Judge's Report and Recommendation (Doc. No. 18), and the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

Date:  February 21, 2020

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE